UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **DON KOMARECHKA,**<br><br>       Plaintiff,<br><br>v.<br><br>**CPC LOGISTICS INC,**<br><br>Serve at:  Registered Agent Hunter LeGear<br>            14528 S. Outer 40 Road, Suite 210<br>            Chesterfield, MO 63017<br><br>       Defendant. | Case No. 4:25-cv-1644<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**
**(INJUNCTIVE RELIEF DEMANDED)**

Plaintiff DON KOMARECHKA by and through his undersigned counsel, brings this Complaint against Defendant CPC LOGISTICS INC for damages and injunctive relief, and in support thereof states as follows:

**SUMMARY OF THE ACTION**

1. Plaintiff DON KOMARECHKA ("Komarechka") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. §106, to copy and distribute Komarechka's original copyrighted Work of authorship.

2. Komarechka is a nature, macro and landscape photographer. From auroras to pollen, insects to infrared, much of Komarechka's photographic adventures reveal a deeper understanding of how the universe works. Komarechka teaches workshops on nature and macro photography as well as photographic editing and creative compositions. He has published a book entitled "Sky Crystals: Unraveling the Mysteries of Snowflakes", and one of those images appears on a limited-edition one ounce pure silver $20 coin produced by the Royal Canadian

Mint. Komarechka has been featured in an episode of "The Nature of Things with David Suzuki," worked with the BBC to create the title footage for the documentary series "Forces of Nature," and was credited as macro photographer in the Discovery documentary "Mosquito."

3. Defendant CPC LOGISTICS INC ("CPC Logistics" or "Defendant") is a provider of transportation logistics services in North America, according to its website. At all times relevant herein, CPC Logistics owned and operated the internet website located at the URL www.cpclogistics.com (the "Website").

4. Komarechka alleges that Defendant copied Komarechka's copyrighted Work from the internet in order to advertise, market and promote its business activities. Defendant committed the violations alleged in connection with its business for purposes of advertising and promoting sales to the public in the course and scope of the Defendant's business.

## JURISDICTION AND VENUE

5. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

6. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

7. Defendant is subject to personal jurisdiction in Missouri.

8. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendant engaged in infringement in this district, Defendant resides in this district, and Defendant is subject to personal jurisdiction in this district.

## DEFENDANT

9. CPC Logistics Inc is a Missouri Corporation with its principal place of business at 14528 S Outer 40 Road, Suite 210, Chesterfield, MO, 63017, and can be served by serving its Registered Agent, Hunter LeGear, at the same address.

## THE COPYRIGHTED WORK AT ISSUE

10. In 2009, Komarechka created the photograph entitled "Maple Leaf Flag.," which is shown below and referred to herein as the "Work."



11. Prior to the time Komarechka published the Work, he applied copyright management information to the Work consisting of his name "Don Komarechka" as a visual watermark in the bottom right corner of the image (the "Watermark").

12. Komarechka registered the Work with the Register of Copyrights on December 2, 2015, and was assigned registration number VA 1-982-107. The Certificate of Registration is attached hereto as **Exhibit 1**.

13. Komarechka's Work is protected by copyright but was not otherwise confidential, proprietary, or trade secrets.  The Work in perspective, orientation, positioning, lighting, and other details is entirely original and creative. As such, the Work qualifies as subject matter protectable under the Copyright Act.

14. At all relevant times Komarechka was the owner of the copyrighted Work at issue in this case.

## INFRINGEMENT BY DEFENDANT

15. Defendant has never been licensed to use the Work for any purpose.

16. On a date after the Work at issue in this action was created, but prior to the filing of this action, Defendant copied the Work.

17. On or about November 28, 2024, Komarechka discovered the unauthorized use of his Work on the Website.

18. Defendant copied Komarechka's copyrighted Work without Komarechka's permission.

19. After Defendant copied the Work, it made further copies and distributed the Work on the internet to promote the sale of goods and services as part of its transportation services business.

20. Defendant copied and distributed Komarechka's copyrighted Work in connection with Defendant's business for purposes of advertising and promoting Defendant's business, and in the course and scope of advertising and selling its products and services.

21. Defendant committed copyright infringement of the Work as evidenced by the documents attached hereto as **Exhibit 2**.

22. Komarechka never gave Defendant permission or authority to copy, distribute or display the Work for any purpose.

23. When Defendant copied and displayed the Work, it removed Komarechka's copyright management information from the Work by cropping the Work so that it removed the Watermark from the Work.

24. Komarechka notified Defendant of the allegations set forth herein on December 5, 2024 and January 15, 2025. To date, the parties have failed to resolve this matter.

## COUNT I
## COPYRIGHT INFRINGEMENT

25. Komarechka incorporates the allegations of paragraphs 1 through 24 of this Complaint as if fully set forth herein.

26. Komarechka owns a valid copyright in the Work.

27. Komarechka registered the Work with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

28. Defendant copied, displayed, and distributed the Work and made derivatives of the Work without Komarechka's authorization in violation of 17 U.S.C. § 501.

29. Defendant performed the acts alleged in the course and scope of its business activities.

30. Defendant's acts were willful.

31. Komarechka has been damaged.

32. The harm caused to Komarechka has been irreparable.

## COUNT II
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

33. Komarechka incorporates the allegations of paragraphs 1 through 24 of this Complaint as if fully set forth herein.

34. As published by Komarechka, the Work at issue in this case contains copyright management information in the form of the Watermark, which can be seen in the lower right corner of the Work below:



35.     Defendant knowingly and with the intent to enable, conceal, or facilitate copyright infringement, cropped the Work so as to remove the Watermark from Komarechka's Work in violation of 17 U.S.C. § 1202(b), as shown below.



36.     Defendant distributed and publicly displayed copies of the Work knowing that copyright management information had been removed or altered without Komarechka's authority.

37.     Defendant committed these acts knowing or having reasonable grounds to know that it would induce, enable, facilitate or conceal infringement of Komarechka's rights in the Work at issue in this action protected under the Copyright Act.

38.     Komarechka has been damaged.

39.     The harm caused to Komarechka has been irreparable.

WHEREFORE, the Plaintiff DON KOMARECHKA prays for judgment against the Defendant CPC LOGISTICS INC that:

a. Defendant and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with it, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

b. Defendant be required to pay Komarechka his actual damages and Defendant's profits attributable to the infringement, or, at Komarechka's election, statutory damages, as provided in 17 U.S.C. § 504;

c. Komarechka be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

d. Komarechka be awarded pre- and post-judgment interest; and

e. Komarechka be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Komarechka hereby demands a trial by jury of all issues so triable.

Respectfully submitted,

**VOYTAS LAW, LLC**

By:  /s/ Richard A. Voytas, Jr.
Richard A. Voytas, Jr., #52046
7321 S. Lindbergh Blvd, Ste. 400
St. Louis, MO 63125
Phone: 314-380-3166
Email: rick@voytaslaw.com

and

GEORGE N. COLVILLE
(*Pro Hac Vice Forthcoming*)
FL Bar Number: 1060046
george.colville@sriplaw.com

8

**SRIPLAW, P. A.**
9100 South Dadeland Boulevard
Suite 1500
Miami, Florida 33156
786.297.8709 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff Don Komarechka*